<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA DENISE WYNNE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Civ. Action No.: 15-7984 (BRM) |
| : | |
| CAROLYN W. COLVIN, : | **MEMORANDUM OPINION** |
| Acting Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

Before this Court is the appeal by Plaintiff Sandra Denise Wynne ("Plaintiff") of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff disability benefits under Title II of the Social Security Act. Because Plaintiff failed to timely file a brief in support of her appeal, as required by L.Civ.R. 9.1(e)(1), on January 11, 2017, this Court *sua sponte* ordered Plaintiff to file her supporting brief by February 10, 2017 or her Complaint against the Commissioner would be dismissed for failure to prosecute. (ECF No. 17.) To date, Plaintiff has not filed any brief in support of her appeal, nor otherwise responded to the Court's January 11, 2017 Order. Accordingly, for the reasons set forth below, this case is **DISMISSED WIHTOUT PREJUDICE** for failure to prosecute.

On November 9, 2015, Plaintiff filed a Complaint with this Court appealing the Commissioner's final decision to deny Plaintiff's application for disability benefits under Title II of the Social Security Act. (ECF No. 1.) The Honorable Michael A. Shipp, U.S.D.J., granted Plaintiff's application to proceed *in forma pauperis* and Ordered the Complaint be filed. (ECF No. 2.) The case was subsequently reassigned to this Court on August 9, 2016. (ECF No. 12.) On

August 23, 2016, the Commissioner filed an Answer to Plaintiff's Complaint, together with a copy of the Administrative Record. (ECF Nos. 14 and 15.) On August 30, 2016, Plaintiff filed a letter requesting the Court's assistance in obtaining documents needed for her case. (ECF No. 16.) To date, no briefs or motions have been filed.

Pursuant to L.Civ.R. 9.1(e)(1), a plaintiff in a social security matter must file a brief within 75 days of receipt of the Answer. L.Civ.R. 9.1(e)(1). It has been nearly six months since the filing of the Commissioner's Answer and Plaintiff still has not filed her supporting brief. Accordingly, on January 11, 2017, the Court ordered Plaintiff to file a conforming brief on or before February 10, 2017 or this matter would be dismissed for failure to prosecute. (ECF No. 17.) To date, Plaintiff has not filed her supporting brief, nor has she responded to the Court's January 11, 2017 Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte. See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968). Typically, when a court dismisses a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). These factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be

appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988).

Here, the bulk of the *Poulis* factors weigh in favor of dismissing this case without prejudice. In the absence of any evidence to the contrary, the Court finds Plaintiff's conduct in delaying this case to be willful and attributable to her personally. Plaintiff has had nearly six months to explain to the Court the reasons for her failure to file her supporting brief or to request an extension of her deadline, but he has not done so. Although Plaintiff maintains she is "still appealing" the Commissioner's decision and requested "the Court's assistance" to obtain "more documents that prove [her] case" (ECF No. 16), in its January 11, 2017 Order, the Court explained that the Administrative Record was already before the Court and no further documents were necessary for Plaintiff to file a conforming brief (ECF No. 17). Nonetheless, Plaintiff did not file her supporting brief or otherwise indicate to the Court that she intends to pursue this action. Both Plaintiff's initial failure to file her supporting brief and subsequent failure to comply with the Court's January 11, 2017 Order demonstrate she has abandoned this case.

Because there have only been two incidents of dilatory conduct in this case thus far, for the purposes of the *Poulis* balancing test, there is no history of dilatoriness in this case. *See Briscoe*, 538 F.3d at 261 ("conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). Nonetheless, the Court finds Plaintiff's extreme dilatoriness in filing her supporting brief has caused prejudice to the Commissioner, who, pursuant to L.Civ.R. 9.1(e)(2), can file a responsive brief only after receipt of Plaintiff's supporting brief. Thus, the Commissioner has been unable to oppose Plaintiff's appeal.

In considering the effectiveness of an alternative sanction, the Court finds that, based on Plaintiff's unresponsiveness to the January 11, 2017 Order and her apparent abandonment of the

case, alternative sanctions would be futile. Finally, in considering the sixth *Poulis* factor, the Court does not have sufficient grounds at this stage of the proceedings to evaluate the meritoriousness of Plaintiff's claims, because Plaintiff has not filed a supporting brief explaining the basis for her appeal.

For these reasons, the Court finds that, on balance, the *Poulis* factors weigh in favor of **DISMISSING** this case **WITHOUT PREJUDICE**. An appropriate Order will follow.

**Date: February 14, 2017**                     */s/ Brian R. Martinotti*
                                                **HON. BRIAN R. MARTINOTTI**
                                                **UNITED STATES DISTRICT JUDGE**